## MAGNOLIA PETROLEUM CO. v. DUNN et al.

### No. 769.

Court of Civil Appeals of Texas. Eastland.

April 27, 1934.

Rehearing Denied June 15, 1934.

McRae & McRae and Conner & McRae, all of Eastland, W. H. Francis and A. S. Hardwicke, both of Dallas, and L. H. Welch, of Breckenridge, for appellant.

John F. Evans, of Breckenridge, and Levy & Evans, of Fort Worth, for appellees.

HICKMAN, Chief Justice.

Roy E. Dunn was killed in the course of his employment while working for the Magnolia Petroleum Company. His employer carried workmen's compensation insurance, which was collected by his beneficiaries. This suit was brought by his widow, his minor children, and his parents for exemplary damages only under the Constitution and statutes of this state, and resulted in a judgment in favor of each of his children for $3,500, no award having been made to the other plaintiffs. The case has been under submission in this court since October 23, 1931. Upon an examination of the record shortly after same was submitted, it was made manifest that there was presented for decision the question of whether, in an action of this character, the defenses of assumed risk and contributory negligence are available to the employer. In the case of Magnolia Petroleum Co. v. Ford, 14 S.W.(2d) 97, this court held that such defenses were not available. The Su-

preme Court refused an application for writ of error therein without passing upon that particular holding. Ford v. Magnolia Petroleum Co., 118 Tex. 461, 17 S.W.(2d) 36.

In the case of Ft. Worth Elevator Co. v. Russell, 28 S.W.(2d) 320, the Court of Civil Appeals at Fort Worth, in an opinion by Chief Justice Conner, followed this court's holding in the Ford Case and denied to the employer these common-law defenses. A writ of error was granted in that case and we have withheld an opinion in the instant case awaiting the decision of the Supreme Court in the case before it. By an opinion released on March 14, 1934, in the case of Ft. Worth Elevators Co. v. Russell, 70 S.W.(2d) 397, the Supreme Court, speaking through Chief Justice Cureton, holds that the common-law defenses of assumed risk and contributory negligence are available to an employer in actions for exemplary damages only. Since the Supreme Court has spoken on this question, we now dispose of this pending litigation.

Upon the authority of that opinion, we hold: (1) Exemplary damages for a homicide, due to gross negligence were exempted by the Legislature from the purview of the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), and it was, therefore, not necessary for appellees to present a claim for such damages to the Industrial Accident Board as a condition precedent to filing a suit therefor. (2) The common-law defenses of assumed risk and contributory negligence were available to the appellant, and it was error for the trial court to sustain a special exception to its plea of assumed risk. (3) It was also error to refuse to submit appellant's issues on contributory negligence. (4) It was necessary to submit issues to the jury as to whether appellees sustained actual damages by reason of the death of Dunn, and as to the amount thereof.

Since the trial court erred in the particulars above mentioned, it becomes unnecessary for us to consider the other questions presented. The pleadings will be recast and the case developed and submitted in the light of the opinion of the Supreme Court, and the questions as to the sufficiency of the pleadings and evidence now before us on the issues of gross negligence may be different upon the next trial. This latest opinion from the Supreme Court was rendered for the purpose of disposing of the basic questions involved in actions of the character of the instant one, and in repleading and retrying this case counsel and the trial court will be guided by that opinion. It would be useless, if not presumptuous, for us to add anything thereto, or enter into a discussion thereof. Reversed and remanded.